An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA26-109

Filed 5 August 2026

Onslow County, Nos. 22CR050790-660; 22CR050791-660

STATE OF NORTH CAROLINA

v.

BRIAN OWENS

Appeal by Defendant from judgments entered 18 March 2025 by Judge Bob R. Cherry in Onslow County Superior Court. Heard in the Court of Appeals 14 July 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Sage A. Boyd, for the State-Appellee.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Anne M. Gomez, for Defendant-Appellant.*

PER CURIAM.

Defendant Brian Owens appeals from judgments entered upon a jury's verdict of guilty to various drug-related charges. Defense counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99 (1985), explaining that she was "unable to identify any issue with sufficient merit to support

an argument for relief on appeal" and asking this Court to conduct an independent review of the record to determine whether any non-frivolous error exists to support Defendant's appeal. We will conduct a review of the record, consistent with *Anders* and *Kinch*.

The record discloses that defense counsel complied with the requirements of *Anders* and *Kinch* by advising Defendant of his right to file his own arguments and providing him with defense counsel's brief, the trial transcript, the record on appeal, and the mailing address of this Court. Defendant has not filed any written arguments with this Court, and a reasonable time for him to do so has passed.

To fulfill her obligation to refer the Court to "anything in the record that might arguably support the appeal[,]" *Anders*, 386 U.S. at 744, defense counsel pointed this Court to the following: the sentences imposed, indictments and sufficiency of the evidence, lesser-included offenses of trafficking in 28 grams or more of fentanyl, a motion to suppress, and a potential clerical error.

In accordance with our duty under *Anders*, we have conducted a "full examination of all the proceedings[,]" including a "review [of] the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous." *Kinch*, 314 N.C. at 102-03. Upon our examination of all the proceedings, we conclude the appeal is wholly frivolous and dismiss the appeal. *See id.* at 106.

DISMISSED.

Panel consisting of Judges COLLINS, CARPENTER, and FLOOD.

Report per Rule 30(e).